**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMONDO SHELBY,

          Petitioner - Appellant,

  v.

KENNETH QUINN,

          Respondent - Appellee.

No. 08-35695

D.C. No. 3:07-cv-05466-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted June 10, 2010
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

    Armondo Shelby ("Shelby") appeals the district court's denial of his petition

for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253,

and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

This case is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and, accordingly, we may grant relief only if "the state court adjudication of the merits of a claim '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000) (quoting 28 U.S.C. § 2254(d)).

The last reasoned state court decision is the Washington Supreme Court's denial of discretionary review issued by its Commissioner. *See Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005); Wash. App. R. P. 1.1(f). The court's conclusion that Shelby failed to establish a violation of his Sixth Amendment right to conflict-free counsel is not contrary to, or the result of an unreasonable application of, clearly established federal law as determined by the Supreme Court.

To establish a violation of the Sixth Amendment right to conflict-free counsel, a defendant must show that an actual conflict of interest "adversely affected his counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 171-72 & n.5 (2002) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980)). "Until . . .

2

defendant shows that his counsel actively represented conflicting interests, he has not established the "constitutional predicate for his claim." *Id*. at 175.

Because Shelby has not demonstrated that his interests and those of the potential witness were actually adverse to one another, he has not shown that counsel "actively represented conflicting interests." *Id*.; *cf. Holloway v. Arkansas*, 435 U.S. 475 (1978) (reversing the convictions of three co-defendants whose counsel was forced to represent all of them at a joint trial despite counsel's objections about the defendants' divergent interests); *Sullivan*, 446 U.S. at 349-50 (remanding for further proceedings where counsel represented multiple defendants charged with the same crime). Moreover, Shelby has offered no evidence during the post-conviction proceedings to show that counsel's decision not to conduct a follow-up interview or to have the witness testify at trial was unreasonable or adversely affected the representation. *See Mickens*, 535 U.S. at 171-72. There is no clearly established Supreme Court decision requiring us to grant relief on this record.

**AFFIRMED.**

3